IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                      Plaintiff,                  OPINION & ORDER

    v.

                                                        13-cv-818-jdp

ROBERT J. BESTEMAN and
HELEN L. BESTEMAN,

                      Defendants.

---

The United States, plaintiff here, brings this action against defendants Robert J. Besteman and Helen L. Besteman to collect unpaid federal income taxes by enforcing tax liens on real property owned by defendants. Plaintiff alleges that the total unpaid balance from tax years 2004 to 2007 is $42,461,973.60 as of November 5, 2012, with additional accruals continuing. Defendants assert a counterclaim for a refund, alleging that the IRS has already seized amounts exceeding the taxes actually owed. Dkt. 6, at 4. In an amended answer and counterclaim, Dkt. 19, defendants allege that the IRS involuntarily collected $324,314.97, applying this amount to defendants' liability for tax year 2004. Defendants further allege that they have applied to the IRS for a refund of the $324,314.97. Their counterclaim seeks to have their involuntary payments credited against their corrected tax obligations and to have any overpayment returned. *Id.*

Before the court is plaintiff's motion to dismiss defendants' counterclaim for repayment. Plaintiff contends that defendants failed to exhaust their administrative remedies before requesting relief from this court and, as a result, this court does not have subject matter jurisdiction over defendants' counterclaim. The court will grant plaintiff's motion to dismiss defendants' counterclaim for a refund to the extent it seeks affirmative relief against plaintiff.

Defendants may seek leave to amend their pleadings once they have met their exhaustion requirements, if they can show that justice would so require under Rule 15(a).

OPINION

Before addressing plaintiff's motion, a word about the state of the pleadings. Defendants filed their original answer and counterclaim on December 17, 2013. Dkt. 6. Plaintiff timely answered the counterclaim on February 11, 2014. Dkt. 12. Plaintiff filed its motion to dismiss the counterclaim on March 21, 2014, with a brief and declaration in support. Dkts. 15-17. Then, on April 10, 2014, defendants filed a First Amended Answer and Counterclaim, Dkt. 19, apparently attempting to remedy the deficiency pointed out in plaintiff's motion. Defendants' First Amended Answer and Counterclaim alleges that on February 15, 2014, they filed an administrative claim for a refund, and they ask this court to adjudicate their claim for a refund. Defendants also describe their claim as one for "recoupment," citing *United States v. Forma*, 42 F.3d 759 (2d Cir. 1994). Defendants opposed plaintiff's motion on April 15, 2014. Dkt. 22. Plaintiff replied in support of its motion on April 23, 2014. Dkt. 24. The court will allow the amendment: the First Amended Answer and Counterclaim, Dkt. 19, is the operative answer and counterclaim, and it is the pleading at issue in this motion.

Plaintiff moves to dismiss defendants' counterclaim for refund pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff contends that the court lacks subject matter jurisdiction over the counterclaim because defendants[1] did not satisfy the "exhaustion requirement" by filing an administrative claim for refund with the IRS and paying the assessed tax in full prior to seeking

---

[1] The taxpayer is Robert Besteman, but Helen Besteman is also named as a defendant because she claims an interest in the real property at issue. The court will refer to them jointly as "defendants," although the court acknowledges that the tax obligations may be Robert's alone.

2

relief in this court. In its reply, plaintiff contends that defendants' newly amended counterclaim for recoupment must also fail.

"In ruling on a motion under Rule 12(b)(1), the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the [non-movant]." *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (citation omitted). However, when, as here, the United States raises factual questions concerning subject matter jurisdiction, the court may look beyond the pleadings and consider any evidence submitted on the issue to determine whether jurisdiction exists. *Id.*; *Commodity Trend Service, Inc. v. Commodity Futures Trading Commission*, 149 F.3d 679, 685 (7th Cir. 1998). Defendants must establish jurisdiction over their counterclaim by competent proof. *Commodity Trend Service*, 149 F.3d at 685. On the basis of the record before the court, the court does not have jurisdiction over defendants' counterclaim, which seeks affirmative relief from the United States in the form of a repayment of excess taxes.

The United States is immune from suit unless it has consented to a waiver of its sovereign immunity, the scope of which is defined by the terms of its consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Title 28 U.S.C. § 1340 provides a general grant of jurisdiction to district courts over civil actions arising under the internal revenue statutes; however, the scope of the United States' waiver of sovereign immunity is narrow. District courts have subject matter jurisdiction over actions against the United States for the recovery of internal revenue taxes alleged to have been erroneously or illegally assessed or collected. 28 U.S.C. § 1346(a)(1); *see also Schon v. United States*, 759 F.2d 614, 617 (7th Cir. 1985) (explaining that § 1346(a)(1) "is a narrow waiver of sovereign immunity"). But to avail himself of § 1346(a)(1), a taxpayer must exhaust his administrative remedies by first requesting a refund from the IRS. 26 U.S.C. § 7422(a); *Greene-Thapedi v. United States*, 549 F.3d 530, 532 (7th Cir.

2008); *Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997); *see also Goulding v. United States*, 929 F.2d 329, 331 (7th Cir. 1991). Then, the taxpayer must wait until the IRS has rendered a decision or until six months have passed since the claim was filed. 26 U.S.C. § 6532(a)(1); *Bartley*, 123 F.3d at 468. In addition, a taxpayer must make full payment of the assessed taxes before filing a refund suit in a district court. *Schon*, 759 F.2d at 617; *Curry v. United States*, 774 F.2d 852, 854 (7th Cir. 1985) (citing *Flora v. United States*, 357 U.S. 63, 74-75 (1958)); *Geurkink Farms, Inc. v. United States*, 452 F.2d 643, 644 (7th Cir. 1971). If a taxpayer fails to complete these steps, he has failed to exhaust his administrative remedies, and the court does not have subject matter jurisdiction over his claim.

There is an important point that the parties have not made clear. It is well established that a party sued by the United States may recoup damages arising out of the same transaction, but only insofar as it will reduce or defeat the government's claim. *See, e.g., In re Greenstreet, Inc.*, 209 F.2d 660, 663 (7th Cir. 1954). But a suit by the United States is *not* a waiver of sovereign immunity as to all claims arising out of the same transaction, as defendants suggest. Dkt. 22, at 4-6. The *In re Greenstreet* principle would allow defendants in this case to assert a counterclaim that is, in effect, limited to a defense to the government's claim against them. But it would not allow them to gain any affirmative relief against the government, such as the repayment of excess taxes. To gain affirmative relief, defendants must establish that this court has an independent basis for jurisdiction over their counterclaim, which requires that they exhaust their administrative remedies.

Defendants acknowledge that they had neither requested a refund from the IRS pursuant to 26 U.S.C. § 7422(a) nor made full payment of the assessed taxes as prescribed by *Flora* before filing their original answer and counterclaim. Defendants contend that they "corrected the problem" by filing a refund claim with the IRS and filing and serving the First Amended Answer

4

and Counterclaim. But defendants have not yet cured the problem, because defendants did not wait until the IRS had rendered a decision or until six months had passed before raising the counterclaim. 26 U.S.C. § 6532(a)(1); *Bartley*, 123 F.3d at 468. The six months will soon be up, but that is not the end of the matter.

Defendants have not made full payment of the taxes allegedly due, and apparently will not do so. Instead, they ask the court to forestall enforcement of the full-payment rule, relying on *United States v. Forma*, 42 F.3d 759 (2d Cir. 1994), and *Freeman v. United States*, 265 F.2d 66 (9th Cir. 1959). *Forma* cites *Freeman* for the proposition that under the right circumstances, a court might forestall enforcement of the full payment rule when it would lead to absurd results, such as requiring payment of a tax that had already been adjudicated as not being owed. *Forma*, 42 F.3d at 767, n.12 and n.14 (citing *Freeman*, 265 F.2d at 69).[2] But *Forma* declined to apply that principle, because the defendants had not satisfied the other jurisdictional requirement of filing a claim for a refund. Defendants have not shown why the application of the full-payment rule here would produce any absurd result, and the court will not forestall enforcement of the rule in this case.

The United States apparently construes defendants' recoupment claim as one for "equitable recoupment." Dkt. 24, at 3-6. Equitable recoupment is one of the "few circumstances in which courts have held that taxpayer refund actions can avoid dismissal despite seemingly unmet jurisdictional requirements." *Forma*, 42 F.3d at 766. Equitable recoupment allows a taxpayer to recover on an otherwise time-barred claim when the government taxes the same transaction twice under different sections of the tax code. *Id.* at 767 (citing *Bull v. United States*, 295 U.S. 247 (1935)). The court does not read defendants' counterclaim, or its

---

[2] As the *Forma* court noted, the continued viability of *Freeman* has been called into doubt by *Boynton v. United States*, 566 F.2d 50, 55 n.10 (9th Cir. 1977).

opposition to the motion to dismiss, to press a claim for *equitable* recoupment. But the United States is correct that a claim for equitable recoupment would fail, if defendants were to make such a claim.

Defendants have alleged that they timely filed an administrative claim for refund, Dkt. 22, at 2, whereas the doctrine of equitable recoupment requires that the claim be time-barred. *O'Brien v. United States*, 766 F.2d 1038, 1048-49 (7th Cir. 1985) (noting that recoupment is intended to alleviate "inequitable consequences [that] have resulted from application of the statute of limitations") (citations omitted). The statute of limitations for requesting a refund from the IRS is set forth in 26 U.S.C. § 6511(a); this administrative claim must be filed within the later of two years from the date the tax is paid or three years from the date the tax return is filed. *Curry*, 774 F.2d at 855; *see also Goulding*, 929 F.2d at 331; *O'Brien*, 766 F.2d at 1040. Defendants acknowledge that the recent administrative claim filed February 15, 2014, is properly within the two-year statutory period set forth in 26 U.S.C. § 6511(a). Thus, defendants cannot rely on the doctrine of equitable recoupment.

Defendants' situation does not present one of the few circumstances in which a taxpayer refund action can proceed in district court despite unmet jurisdictional requirements. Accordingly, defendants' counterclaim will be dismissed to the extent it seeks affirmative relief against the United States. Defendants may defend the government's claim on the merits, but they may not assert a counterclaim seeking affirmative relief until they satisfy the jurisdictional prerequisites.

ORDER

IT IS ORDERED that:

1) Plaintiff's Motion to Dismiss defendants' counterclaim, Dkt. 15, is GRANTED in part and DENIED in part;

2) Defendants' counterclaim is dismissed to the extent it seeks affirmative relief against plaintiff;

3) Defendants' amended counterclaim is allowed only to the extent it seeks a credit offsetting plaintiff's claim; and

4) Defendants may request leave, as provided under Rule 15(a)(2), to amend their pleading to assert a counterclaim seeking repayment of overpaid taxes if they satisfy the jurisdictional prerequisites.

Entered this 22nd day of July, 2014.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge